Case 1:02-cr-00010-jgm Document 12 Filed 03/11/2002 Page 1 of 7

12

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2002 MAR 11 PM 3:30
CLERK
BY ______
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:02-CR-10 -01, 02, 03 |
| | ) | |
| CARLOS JAVYER GONZALEZ APONTE -03 | ) | |
| JAIME GALAN and -01 | ) | |
| LINCOLN JOHN RICHARDS, -02 | ) | |
| | ) | |
| Defendants. | ) | |

**SUPERSEDING INDICTMENT**

**Count 1**

The Grand Jury charges:

On or about November 30, 2001, within the District of Vermont,

**CARLOS JAVYER GONZALEZ APONTE,**
**JAIME GALAN**
**and**
**LINCOLN JOHN RICHARDS,**

Defendants, did knowingly and intentionally conspire, confederate and agree with each other and others both known and unknown to the Grand Jury to distribute five (5) grams or more of a mixture or substance which contained cocaine base; that is, crack cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), all in violation of 21 U.S.C. § 846.

I hereby attest and certify on April 16, 2007, that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.
RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont
BY: Risa Wright
Deputy Clerk

**Overt Acts**

In furtherance of the conspiracy herein, the following overt acts, amongst others, were committed within the District of Vermont:

(1) On or about November 23, 2001, Defendants traveled from Providence, Rhode Island, to Rutland, Vermont.

(2) On or about November 29, 2001, Defendant Lincoln John Richards rented Room 126 at the Ramada Inn, Rutland, Vermont.

(3) From on or about November 29, 2001, to on or about November 30, 2001, Defendants possessed crack cocaine and marihuana at Room 126, Ramada Inn, Rutland, Vermont.

(4) On or about November 30, 2001, Defendants distributed crack cocaine at Room 126 Ramada Inn to an individual cooperating with law enforcement.

**(21 U.S.C. § 846)**

**Count 2**

The Grand Jury further charges:

On or about November 30, 2001, within the District of Vermont,

**CARLOS JAVYER GONZALEZ APONTE,**
**JAIME GALAN**
**and**
**LINCOLN JOHN RICHARDS,**

Defendants, did knowingly and intentionally possess with intent to distribute in excess of five (5) grams of a mixture and substance which contained cocaine base; crack cocaine, a Schedule II controlled substance.

**(21 U.S.C. §§ 841(a)(1); 841(b)(1)(B); 18 U.S.C. § 2)**

**Count 3**

The Grand Jury further charges:

That on or about March 3, 2002, within the District of Vermont,

**CARLOS JAVYER GONZALEZ APONTE,**

the Defendant, did knowingly and intentionally distribute a controlled substance, to wit, a mixture which contained cocaine base; crack cocaine, a Schedule II controlled substance.

**(21 U.S.C. §§ 841(a)(1); 841(b)(1)(C))**

**COUNT 4 – FORFEITURE**

The Grand Jury further charges:

From their engagement in the violations stated in Counts 1 and 2 defendants JAIME GALAN, LINCOLN JOHN RICHARDS, and CARLOS JAVYER GONZALEZ APONTE shall forfeit to the United States any and all property constituting or derived from any proceeds JAIME GALAN, LINCOLN JOHN RICHARDS, and CARLOS JAVYER GONZALEZ APONTE obtained directly or indirectly as a result of the said violation, and any and all of said real or personal property used or intended to be used in any manner or part to commit or to facilitate the commission of the aforementioned violation of these Counts, including but not limited to the following:

(a) $2,090 in U.S. currency; and

(b) $2,800 in U.S. currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of this court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(21 U.S.C. § 853)

**COUNT 5 – FORFEITURE**

The Grand Jury further charges:

From their engagement in the violations stated in Counts 1 and 3 defendant CARLOS JAVYER GONZALEZ APONTE shall forfeit to the United States any and all property constituting or derived from any proceeds CARLOS JAVYER GONZALEZ APONTE obtained directly or indirectly as a result of the said violation, and any and all of said real or personal property used or intended to be used in any manner or part to commit or to facilitate the commission of the aforementioned violation of these Counts, including but not limited to the following:

(a) Approximately $4,300 in U.S. currency.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of this court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant

Case 1:02-cr-00010-jgm Document 12 Filed 03/11/2002 Page 7 of 7

up to the value of the above forfeitable property.

(21 U.S.C. § 853)

A TRUE BILL

FOREPERSON

JCC PETER W. HALL
United States Attorney

Rutland, Vermont
March 11, 2002