30

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

JUL 8 3 52 PM '02

CLERK
BY ____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF VERMONT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 1:02cr-10-02** |
| | ) | |
| **LINCOLN JOHN RICHARDS** | ) | |
| **Defendant** | ) | |

**PLEA AGREEMENT**

The United States of America, by and through the United States Attorney for the District of Vermont (hereafter "the United States"), in order to pursue the administration of justice, and the defendant, LINCOLN JOHN RICHARDS, agree to the following in regard to the disposition of pending and potential criminal charges against LINCOLN JOHN RICHARDS. The United States enters this agreement based upon information indicating that LINCOLN JOHN RICHARDS is in a position to assist law enforcement authorities.

1. LINCOLN JOHN RICHARDS agrees to plead guilty to Count 1 of the Superseding Indictment charging him with conspiring to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 846. LINCOLN JOHN RICHARDS acknowledges that Count 4 of the Superseding Indictment alleges that $2,090 and $2,800 in U.S. currency is forfeitable to the United States pursuant to 21 U.S.C. § 853 as having facilitated the offense charged in Count 1. LINCOLN JOHN RICHARDS

I hereby attest and certify on April 16, 2007, that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
RICHARD PAUL WASKO
Clerk, U.S. District Court
District of Vermont
BY: Lisa Wright
Deputy Clerk

consents to the forfeiture of the property listed in Count 4, pursuant to paragraphs 13 through 16 of this plea agreement.

LR 2. LINCOLN JOHN RICHARDS understands, agrees and has had explained to him by counsel that the Court may impose the following sentence on his plea: not less than 5 years nor more than 40 years of imprisonment; a 5 year mandatory minimum term of imprisonment; a mandatory minimum of at least 4 years to lifetime of supervised release; not more than a $2,000,000 fine; and a $100 special assessment. Full restitution may also be ordered.

LR 3. It is the understanding of the parties to this agreement that the plea will be entered under oath and in accordance with Rule 11 of the Federal Rules of Criminal Procedure. The defendant represents that he intends to plead guilty because he is, in fact, guilty of the crime with which he is charged.

LR 4. LINCOLN JOHN RICHARDS agrees that he will cooperate completely, candidly and truthfully with all federal, state and local investigators by providing any and all information in his possession relating directly or indirectly to any and all criminal activities or other matters of which he has knowledge. LINCOLN JOHN RICHARDS will provide all federal, state and local investigators any and all documents, records, writings or tangible objects or materials of any kind in his possession or under his care, custody or control relating directly or indirectly to any criminal activity or related matter. LINCOLN JOHN RICHARDS agrees that he will meet with

investigators and/or attorneys when requested by the United States Attorney's Office to further this cooperation. LINCOLN JOHN RICHARDS agrees he will testify under oath completely, candidly and truthfully before any federal grand jury within the District of Vermont or elsewhere and in any and all trials or other proceedings in the District of Vermont or elsewhere as requested by the United States. LINCOLN JOHN RICHARDS understands that this agreement requires that his cooperation may continue even after the time that he has been sentenced by the Court.

LR 5. LINCOLN JOHN RICHARDS agrees to waive his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to the assistance of counsel whenever he is required to provide information to the Government pursuant to this agreement.

LR 6. LINCOLN JOHN RICHARDS agrees and understands that it is a condition of this agreement that he refrain from committing any further crimes whether federal, state or local and that, if on release, he will abide by all conditions of release. LINCOLN JOHN RICHARDS also understands that he is not to have any contact with any defendant or potential defendant in this case or in the case or cases in which he is cooperating without the prior authorization of the United States.

7. LINCOLN JOHN RICHARDS agrees and understands that this agreement is conditioned upon his providing the United States Attorney, at the time this plea agreement is executed, a bank cashier's check, certified check, or postal money order

payable to the Clerk, U.S. District Court, in payment for the mandatory special assessment of $100 for which he will be responsible when sentenced. The United States agrees to safeguard and pay the special assessment imposed at sentencing to the Clerk of the Court immediately after sentencing. In the event that this plea agreement is for any reason terminated or the defendant's guilty plea is not accepted by the Court, the special assessment shall be promptly refunded to LINCOLN JOHN RICHARDS. In the event that the tendered bank check is not honored for whatever reason, the defendant understands that he will still be liable for the amount of the special assessment which the Court imposes. LINCOLN JOHN RICHARDS understands and agrees that, if he fails to pay the special assessment in full prior to sentencing, the United States' obligations under this plea agreement will be terminated, the United States will have the right to prosecute LINCOLN JOHN RICHARDS for any other offenses he may have committed, and will have the right to recommend the Court impose any lawful sentence. Under such circumstances, LINCOLN JOHN RICHARDS will have no right to withdraw his plea of guilty.

8. The United States agrees that in the event that LINCOLN JOHN RICHARDS fully and completely abides by all conditions of this agreement, the United States will:

(a) move to dismiss the remaining Count of the Indictment at the time of sentencing;

(b) not prosecute him in the District of Vermont for any other criminal offenses known to the United States Attorney's Office as of the date of the signing of this plea agreement committed by him in the District of Vermont relative to drug trafficking;

(c) make the nature and extent of his cooperation known to the Court;

(d) make a motion to allow the Court to depart from the Sentencing Guidelines pursuant to Guideline § 5K1.1 and to impose a sentence below any mandatory minimum term of imprisonment pursuant to 18 U.S.C. § 3553(e), if the United States, in its sole discretion, determines that his cooperation has been sufficiently extraordinary to rise to the level of substantial assistance;

(e) recommend that he receive credit for acceptance of responsibility under Guideline Section 3E1.1, provided that he cooperates truthfully and completely with the Probation Office during the presentence investigation and abides by the conditions of his release and further provided that no new information comes to the attention of the United States Attorney's Office relative to the issue of his receiving credit for acceptance of responsibility.

9. If the United States determines, in its sole discretion, that the defendant has committed any offense after the date of this agreement, or violated any condition of

Case 1:02-cr-00010-jgm Document 30 Filed 07/08/2002 Page 6 of 13

release, or has failed to cooperate fully with the Probation Office, or has provided any intentionally false, incomplete or misleading information to Probation, the United States' obligations under paragraph 8 of this agreement will be void and the United States will have the right to recommend that the Court impose any sentence authorized by law and will have the right to prosecute the defendant for any other offenses he may have committed in the District of Vermont. The defendant understands and agrees that, under such circumstances, he will have no right to withdraw his previously entered plea of guilty.

10. In the event that the United States moves pursuant to ¶ 8(d) herein above and Section 5K1.1 of the Sentencing Guidelines for a departure from the Guidelines range and statutory mandatory minimum, the United States and LINCOLN JOHN RICHARDS further agree, pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C) that a sentence of 20 months with a recommendation that defendant participate in the BOP intensive confinement ("Bootcamp") program is the appropriate disposition of the case, with regard to incarceration.

11. LINCOLN JOHN RICHARDS fully understands that the sentence to be imposed on him is within the sole discretion of the Court. The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion or stipulation of the parties to this agreement other than the agreement between the parties pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C) in ¶ 10 herein above. The

United States does not make any promises or representations as to what sentence LINCOLN JOHN RICHARDS will receive. The United States specifically reserves the right to allocute at sentencing. There shall be no limit on the information the United States may present to the Court and the Probation Office relative to sentencing or the positions the United States may take regarding sentencing (except as specifically provided elsewhere in this agreement). The United States also reserves the right to correct any misstatement of fact made during the sentencing process, to oppose any motion to withdraw a plea of guilty previously entered and to support on appeal any decisions of the sentencing Court whether in agreement or in conflict with recommendations and stipulations of the parties. Both parties reserve the right to move for departures from the otherwise applicable Guideline range.

12. Further LINCOLN JOHN RICHARDS fully understands that any estimates or predictions relative to the Guidelines calculations are not binding upon the Court. Thus, the defendant expressly acknowledges that in the event that any estimates or predictions by his attorney (or anyone else) are erroneous, those erroneous predictions will not provide grounds for withdrawal of his plea of guilty, modification of his sentence, or for appellate or post-conviction relief.

13. The United States and LINCOLN JOHN RICHARDS agree to the following with regard to the forfeiture of $2,090 and $2,800 in U.S. currency (collectively the

"Money"), as charged in Count 4 of the Superseding Indictment. It is agreed that LINCOLN JOHN RICHARDS shall forfeit the Money to the Government.

14. LINCOLN JOHN RICHARDS agrees that the Money may be forfeited immediately and that the forfeiture need not wait until he is sentenced. LINCOLN JOHN RICHARDS further agrees that if for any reason this criminal forfeiture cannot be accomplished the Government may at any time (without regard to any statute of limitations or doctrine of laches) bring a civil forfeiture complaint against the same property. In the event of any such filing, LINCOLN JOHN RICHARDS will not file a claim nor contest the forfeiture in any way and will not cause any other person to file a claim or contest the forfeiture.

15. LINCOLN JOHN RICHARDS agrees that by entering into this plea agreement he voluntarily and knowingly waives any claim he may have that the forfeiture, administrative or judicial, civil or criminal, of the Money or any other administrative or judicial forfeiture action arising out of the course of conduct that provides the factual basis of the information herein, alone or in conjunction with this prosecution, in any way violates any of his rights, including his rights under the Fifth and Eighth Amendments to the United States Constitution. LINCOLN JOHN RICHARDS's waiver specifically includes any claim that any such forfeiture, whether preceding or following this criminal prosecution, would constitute double jeopardy, cruel and unusual punishment, an excessive fine, a disproportionate punishment, or a

violation of due process. LINCOLN JOHN RICHARDS's waiver also includes a waiver of any rights to a jury trial on the forfeiture of assets.

16. LINCOLN JOHN RICHARDS agrees that forfeiture of the Money shall not be deemed as satisfaction of any fine, restitution, cost of imprisonment or any other penalty this Court may impose upon LINCOLN JOHN RICHARDS in addition to forfeiture.

17. LINCOLN JOHN RICHARDS agrees and fully understands that in the event that the United States determines that he has failed to comply with any provision of this agreement; made any false statement to investigators or attorneys of the United States or willfully failed to disclose information pursuant to paragraph 4 of this agreement; made any false statements or committed any perjury before a grand jury, before any trial court, or at any other proceeding; had any unauthorized contact with any potential defendants in this case or in cases in which he is a potential witness pursuant to this agreement; or since the date of this agreement, committed any state, local or federal offense or has failed to disclose any crimes he has committed; the United States will have the right to: (1) terminate this agreement and prosecute him for any and all offenses, including false statements and perjury, with which he could properly be charged (including reinstatement of any charges dismissed pursuant to this agreement), or (2) terminate only its obligations under this agreement while retaining the defendant's guilty plea. Furthermore, LINCOLN JOHN RICHARDS fully understands that should he fail to

fully comply with any provision of this agreement, the United States will have the right to use the agreement itself against him at any trial, hearing or sentencing. He also understands that the Government may use any sworn or unsworn statements given by him and any information, materials, documents or objects provided by him to the United States pursuant to this agreement, including self-incriminating information referred to in paragraph 4 of this agreement, against him. The defendant waives his right to challenge the admissibility of this agreement and the information provided pursuant to this agreement into evidence under Federal Rule of Criminal Procedure 11 or any other provision of law.

18. LINCOLN JOHN RICHARDS understands and agrees that the determination of whether he has abided by all the conditions of this agreement and the determination of whether he has cooperated fully and completely (and the determination of whether he has provided substantial assistance to the Government) are questions within the sole discretion of the United States. The decisions of the United States with regard to these questions will be binding on the defendant and will not be subject to challenge in court or otherwise.

19. It is further understood and agreed by the parties that should the defendant's plea not be accepted by the Court for whatever reason, or later be withdrawn or vacated, this agreement may be voided at the option of the United States and the defendant may be prosecuted for any and all offenses otherwise permissible. If the plea is withdrawn

or vacated on motion of the defendant, the defendant herein expressly agrees that the entire period of time that elapses between the signing of this agreement and the withdrawal or vacatur of the plea shall be disregarded in calculating whether the prosecution of any previously-dismissed charges is timely under the applicable statute of limitations. The defendant also expressly agrees to waive any defense to the reprosecution of charges that he might have under the Speedy Trial Act, the speedy trial guarantees of the Constitution, or any other constitutional or statutory provision.

20. It is further understood that this agreement is limited to the Office of the United States Attorney for the District of Vermont and cannot bind other federal, state or local prosecuting authorities.

21. Nothing in this agreement shall be construed as limiting the right of either party to move for an upward or downward departure from the otherwise applicable Guidelines sentencing range.

22. LINCOLN JOHN RICHARDS is aware that his guilty plea may result in the loss of certain government benefits, including housing subsidies, food stamps, and some Social Security benefits, pursuant to federal law, including 21 U.S.C. § 862 and § 862(a).

23. LINCOLN JOHN RICHARDS agrees that he will provide a copy of any financial affidavit prepared during the course of the Probation Office's presentence investigation to the United States at the same time that it is provided to the Probation

Office. In addition, he specifically hereby authorizes the Probation Office to provide the United States a copy of any and all financial affidavits submitted to it by him.

24. In voluntarily pleading guilty to the charges in the Indictment, LINCOLN JOHN RICHARDS acknowledges that he understands the nature of the charges to which the plea is offered. He also acknowledges that he has the right to plead not guilty or to persist in a plea of not guilty; that he has the right to be tried by a jury and at that trial a right to the assistance of counsel; that he has the right to confront and cross-examine adverse witnesses; that he has the right against compelled self-incrimination; that if a plea of guilty is accepted by the Court, there will be no further trial of any kind, so that by pleading guilty he waives the right to a trial and the other rights enumerated here.

25. LINCOLN JOHN RICHARDS expressly states that he makes this agreement of his own free will, with full knowledge and understanding of the agreement and with the advice and assistance of his counsel, Elizabeth Mann, Esq. LINCOLN JOHN RICHARDS further states that his plea of guilty is not the result of any threats or of any promises beyond the provisions of this agreement. Furthermore, LINCOLN JOHN RICHARDS expressly states that he is fully satisfied with the representation provided to him by his attorney, Elizabeth Mann, Esq., and has had full opportunity to consult with his attorney concerning this agreement, concerning the applicability and impact of the Sentencing Guidelines (including, but not limited to, the relevant conduct provisions of

Guideline Section 1B1.3), and concerning the potential terms and conditions of supervised release.

26. No agreements have been made by the parties or their counsel other than those contained herein.

27. It is agreed that a copy of this agreement shall be filed with the Court before the time of the defendant's change of plea.

Dated at Rutland, in the District of Vermont, this 28th day of June, 2002.

UNITED STATES OF AMERICA

PETER W. HALL
United States Attorney

By:
JOHN-CLAUDE CHARBONNEAU
Assistant U.S. Attorney

07/3/02
Date

LINCOLN JOHN RICHARDS
Defendant

I have read, fully reviewed and explained this agreement to my client, LINCOLN JOHN RICHARDS, and I hereby approve of it.

7-3-02
Date

ELIZABETH MANN, ESQ.
Counsel for the Defendant